# UNITED STATES DISTRICT COURT

for the
District of Massachusetts

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The Boston Society of the New Jerusalem Church, 140<br>Bowdoin Street, Boston, MA 02108 | )<br>)<br>) Case No.    13-MJ-**2 68** (MBB)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___County of Suffolk___ District of ___Massachusetts___ *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____
                                                                                                        *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.        ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____
                                *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
                                                                    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     05/01/2013 ~~00 am~~ 5·2 3 AM        *Marianne B. Bowler*
                                                                                                        *Judge's signature*  USMJ

City and state:   Boston, Massachusetts _____        MAGISTRATE JUDGE MARIANNE B. BOWLER
                                                                                                        *Printed name and title*

| Return | | |
|---|---|---|
| Case No.:<br>13-MJ-          (MBB) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

The Boston Society of the New Jerusalem Church is located at 140 Bowdoin Street, Boston, Massachusetts (hereinafter, the "CHURCH"). The CHURCH and the Bostonview Apartments are located within the same building, which is a single building, with the address, 130-140 Bowdoin Street on Beacon Hill in Boston, almost directly across from the staff entrance to the Massachusetts State House. The building stands 18 stories and has a brick façade. At the street level, four decorative concrete pillars extend up the front center of the building and support an off-white, wooden A-frame sign which reads, "Swedenborgian" and below it, "Church On The Hill." Under the A-frame sign, between the two middle pillars is a set of double wooden door under an arched window and a sign that reads "BOSTON SOCIETY OF THE NEW JERUSALEM." To each side of the wooden doors, set between the outer pillars, is a single rectangular window set below an arched window. There is a flower box located beneath each of these two windows. To the left and below the A-frame sign is an off-white wooden portico that is set above a single door and an arched window. Markings on the front of this portico identify the address as "130" and below it, "Bowdoin Street." This doorway is further identified with the words, "BOSTONVIEW APARTMENTS." Immediately to the left of the entrance to 130 Bowdoin Street is the driveway leading into the building's parking garage. To the right and below the A-frame sign is an off-white wooden portico that is set above a single door and an arched window. Markings on the front of this portico identify the address as "140" and below it, "Bowdoin Street." This doorway is further identified with the words, "NEW JERUSALEM CHURCH ENTRANCE." Photographs of the CHURCH are attached hereto as **Exhibit A.**

# EXHIBIT A





**ATTACHMENT B**
(CHURCH SEARCH WARRANT)

I.       The records and items sought from the Boston Society of the New Jerusalem Church, 140 Bowdoin Street, Boston, MA are more particularly described as the evidence, fruits and instrumentalities of violations of: (A) Title 18, United States Code, Section 1341 (mail fraud); (B) Title 18, United States Code, Section 1343 (wire fraud); (C) Title 18, United States Code, Section 1951 (interference with commerce by extortion); (D) Title 18, United States Code, Section 1962 (racketeering); (E) Title 18, United States Code, Section 1956 (money laundering); (F) Title 26, United States Code, Section 7206(1) (subscribing to false tax returns); (G) Title 18, United States Code, Section 1512 (obstruction of justice); (H) Title 31, United States Code, Section 5324 (structuring currency transactions); (I) Title 21, United States Code, Section 841 (narcotics trafficking); and (J) conspiracy to commit these offenses, some in violation of Title 18, United States Code, Section 371, to include:

a.  Documents, records, correspondence, contracts and agreements, personnel files, bid proposals, job specifications, invoices and bills, budgets, ledgers, accounting records, tax records, tax forms, tuition payment and tuition grant records, memoranda, notes, e-mails, telephone messages, diary and calendar entries, board minutes, trustee minutes, council minutes, by-laws, charters, certificates of incorporation, membership rolls, membership records and other information, from January 1, 2002 to the present, pertaining to the following:

[continued on following page.]

| | |
|---|---|
| a. Edward J. Mackenzie, Jr. | a. Fillabuster Catering Trust |
| b. Courtney Mackenzie | b. Fillabusta Food Service |
| c. Carolyn Mackenzie | c. Courmac Realty Trust |
| d. Ronald Mackenzie | d. Mackenzie Construction |
| e. Ronald Mackenzie, Jr. | e. E/M/R (aka E/M) [real estate consulting and construction] |
| f. Maria Mackenzie | |
| g. Lauren Mackenzie | f. Harborview Real Estate Corporation |
| h. Krystal Donnelly (aka Krystal MacDonald) | g. Space Propulsion Systems, Inc. |
| i. Thomas J. Kennedy | h. MZA Trust |
| j. John Burke | i. Boston Society of the New Jerusalem, Inc. |
| k. Doug Hanson | |
| l. Michael Snedecker | j. Bostonview Corp. Board |
| m. Jack Snedecker | k. BVC Trust |
| n. Martin Raffol | l. Looney & Grossman |
| o. Mathew Raffol | m. Low Overhead Discount Carpet |
| p. Lindsey Raffol | n. Metro City Painting Services, Inc. |
| q. Michael Travers | o. ASAP Plumbing and Heating |
| r. Robert Hynes | p. Superior Plumbing Inc. |
| s. Michael Perry | q. Nightingale Construction Co. Inc. |
| t. Peter O'Connell | r. Lovely Pets, Inc.; |
| u. Al Nugent | |
| v. Tina Burm | |
| w. Juan Figueroa | |
| x. Mark Palluccio | |
| y. Steven Bourgoin | |
| z. Larry Reardon | |
| aa. Marianne Baker | |
| bb. John Baker | |
| cc. Will Rodrigues | |
| dd. Christopher Hebert | |
| ee. Thomas DeRosa | |
| ff. William Lane | |
| gg. David Doherty | |
| hh. Stephen Richmond | |
| ii. John Southern | |
| jj. Steven (aka Glenn S.) Ellis | |
| kk. Rex Ellis | |
| ll. All Church tuition grant recipients | |

b. U.S. currency; and

c. Oxycodone (and records relating to oxycodone).

II. All computer hardware, computer software, computer-related documentation, and storage media. Off-site searching of these items shall be limited to searching for the items described in paragraph I.

## DEFINITIONS

For the purpose of this warrant:

A.   "Computer equipment" means any computer hardware, computer software, computer-related documentation, storage media, and data.

B.   "Computer hardware" means any electronic device capable of data processing (such as a computer, personal digital assistant, cellular telephone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C.   "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D.   "Computer-related documentation" means any material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

E.   "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

F.   "Data" means all information stored on storage media of any form in any storage format and for any purpose.

G.   "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## RETURN OF SEIZED COMPUTER EQUIPMENT

If, after inspecting seized computer equipment, the government determines that the equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.